IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-781-FL

| | |
|---|---|
| COURTNAY T. BRISSETT and<br>LADWIN BRISSETT,<br><br>Plaintiffs,<br><br>v.<br><br>SHOAF LAW FIRM, P.A., and<br>RYAN D. SHOAF,<br><br>Defendants. | )<br>)<br>)<br>)<br>)    MEMORANDUM AND<br>)    RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

This matter comes before the court upon the motion of Defendants Shoaf Law Firm and Ryan D. Shoaf ("Defendants") to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. [DE-25]. Plaintiffs, Courtnay T. Brissett and Ladwin Brissett, proceeding *pro se*, have responded to Defendants' motion [DE-30]. The time for additional briefing has concluded and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendants' motion be allowed.

## BACKGROUND

A.    Plaintiffs' Form Complaint

On June 6, 2013, Plaintiffs filed a form complaint against Defendants.[1] [DE-5]. The form complaint is a court-provided type-written document, wherein Plaintiffs are to provide responses

---

[1] Plaintiffs' complaint was filed upon the entry of an order allowing Plaintiffs to proceed *in forma pauperis*. [DE-4].

as prompted. *Id.* According to Plaintiffs' form complaint, Plaintiffs reside at 605 Neuse Avenue, New Bern, North Carolina 28560. *Id.* at 1. Plaintiffs allege further that "(However) [b]ecause of constant threats on our lives we are using a New York address: 727 Utica Ave, P.M.B. 164, Brooklyn, N.Y. 11203." *Id.* Defendants are alleged to be residents of North Carolina. *See id.* Plaintiffs' jurisdictional allegations in the form complaint consist only of the words "Federal Question." *Id.* at 2. When prompted in the form complaint to describe the acts about which Plaintiffs complain, Plaintiffs state only "Fraudulent Quitclaim Deed." *Id.* Plaintiffs seek "reformation of deed and damages of monetary [sic]." *Id.* at 3. Plaintiffs have provided their address as "727 Utica Avenue P.M.B. 164 Brooklyn, New York 11203", and have provided a telephone number containing a 252 area code. *Id.* at 4.

B.  Plaintiffs' Typed Complaint[2]

Attached to the form complaint is a five-page document entitled "COMPLAINT", containing additional allegations. *Id.* at 5-10. According to the typed complaint, Plaintiffs are citizens and residents of New Bern, North Carolina. *Id.* at 5 ¶1. Defendant Ryan D. Shoaf is alleged to be a resident and citizen of North Carolina; Defendant Shoaf Law Firm, P.A., is alleged to be a corporation organized under the laws of North Carolina with its principal place of business in Raleigh, North Carolina. *Id.* at 5 ¶¶2-3.

According to the typed complaint, Plaintiffs moved their family to Craven County, North Carolina after Plaintiff Ladwin Brissett received a financial recovery from the September 11 Federal Fund, having sustained a disabling injury while working at the World Trade Center

---

[2]The court draws a distinction between the two documents only for the purpose of setting forth the particular location and form of Plaintiffs' allegations. Altogether, the documents comprise Plaintiffs' complaint in this matter. *See* Fed. R. Civ. P. 10(c).

2

Case 5:12-cv-00781-FL   Document 31   Filed 11/20/13   Page 2 of 9

Buildings on September 11, 2001. *Id.* at 5-6. Plaintiffs formed Brissett Rental Properties, LLC ("BRP"), a North Carolina corporation, and began purchasing property, including approximately twenty-two single family homes in New Bern, North Carolina, mostly with cash, for the purpose of renting these properties. *Id.* at 6. All of Plaintiffs' properties, including the property located at 1112 Williams Street, New Bern, North Carolina (the "Williams Street Property"), were transferred into BRP. *Id.*

According to the complaint, "Plaintiffs purportedly refinanced" the Williams Street Property. *Id.* On October 31, 2006, Plaintiffs were notified that Green Tree, LLC ("Green Tree") was the new loan servicer. *Id.* Defendants conducted the closing on October 31, 2006. *Id.* at 6. The records show that the Williams Street Property was deeded to BRP at the time. *Id.* According to Plaintiffs, BRP is the owner of the Williams Street Property; Plaintiffs were not the owners of the Williams Street Property at the time of the closing. *Id.* at 7. On September 20, 2010, Green Tree purportedly sold the Williams Street Property for $61,500.00. *Id.* at 6; Ex. C. [DE-5-3]. Plaintiffs were not aware of a quitclaim deed, dated October 31, 2006, transferring the property from BRP to Plaintiffs, recorded March 16, 2007, approximately six months after the closing. *Id.* at 7; Ex. A [DE-5-1]. Plaintiffs allege Defendants have committed fraud. [DE-5] at 7 ¶8. According to Plaintiffs, as part of an investigation by the North Carolina State Bar, Plaintiffs learned that Jason Gold, an attorney for Defendant Shoaf Law Firm, forged Plaintiffs' signatures on several closing documents. *Id.* at 7 ¶9; Ex. B. [DE-5-2]. Plaintiffs learned for the first time during the investigation by the State Bar in August 2012 that the deed to the Williams Street Property and several other properties were deeded by a quitclaim deed signed on behalf of BRP and Plaintiffs, without their knowledge. [DE-5] at 7 ¶10. According to Plaintiffs, Green

3

Tree misled Plaintiffs about their ability to modify their loan even though the property was deeded to BRP not Plaintiffs. *See id.* at 7 ¶11. According to Plaintiffs, the deed from BRP to Plaintiffs is void because it was not signed or acknowledged by the grantor nor was the quitclaim deed signed by either Plaintiff. *Id.* at 7 ¶12. Plaintiffs were deceived by Defendants' misrepresentation upon which they relied, which has damaged Plaintiffs in the amount of $1,000,000.00. *Id.* at 8 ¶¶13-14. Plaintiffs seek rescission and for the court to set aside the deed. *Id.* at 8 ¶15. Plaintiffs provide an address of "727 Utica Avene P.M.B 164, Brooklyn, New York 11203." *Id.* at 9.

On August 14, 2013, Defendant filed a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1), along with supportive briefing. [DE-25, -26]. Plaintiffs responded in opposition on September 4, 2013. [DE-30]. The court has stayed all case deadlines pending the court's ruling on Defendants' motion. [DE-29].

## DISCUSSION

Defendant has moved to dismiss Plaintiffs' complaint on the grounds that this court lacks subject matter jurisdiction over the dispute. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Robb Evans & Associates, LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Subject-matter jurisdiction may be challenged at any time and if it is lacking the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). The burden of establishing subject matter jurisdiction of the court is on the party asserting its existence. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

4

The Fourth Circuit recognizes two types of challenges to subject matter jurisdiction. "First, the defendant may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," in which case the "facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks and citations omitted); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "In the alternative, the defendant can contend ... that the jurisdictional allegations in the complaint are not true," in which case the court "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Kerns*, 585 F.3d at 192, 193; *Adams*, 697 F.2d at 1219.

Here, where Defendants argue the complaint allegations taken as true fail to allege the court's subject matter jurisdiction, the court's focus is on Plaintiffs' averments contained in the complaint. *See Adams*, 697 F.2d at 1219. Federal courts have limited subject matter jurisdiction, and thus, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.*; *New River Lumber Co., Inc. v. Graff,* 889 F.2d 1084 (4th Cir. 1989) ("To establish Section 1332 jurisdiction, a moving party must affirmatively allege . . . the essential elements of diversity on the face of his complaint."); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor ... must allege in his pleadings the facts essential to show jurisdiction"); *McPherson v. Highlander Rentals, Inc.*, No. 4:07–CV–162–F, 2008 WL 2149765, at *3–4 (E.D.N.C. May 21, 2008) (dismissing complaint where plaintiff failed to establish federal

5

question jurisdiction pursuant to 28 U.S.C. § 1331 and the allegations of the complaint fail to establish the requisite diversity between the parties needed for jurisdiction under 28 U.S.C. § 1332(a)(1)).

The district court has jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action lies within the federal district court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). This statute requires complete diversity among the parties, which means that no defendant can have the same citizenship as any plaintiff. *See, e.g., Wisconsin Dep't of Corrs. v. Schacht,* 524 U.S. 381, 388 (1998); *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If complete diversity is not satisfied, then the federal court will lack subject matter jurisdiction to hear the case. 28 U.S.C. § 1332; *Owen,* 437 U.S. at 373. "The citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *See Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989) (citations omitted); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., et al.,* No. 3:09-CV-220-MU, 2010 WL 1434298, at * 2 (W.D.N.C. April 6, 2010) (citations omitted).

"[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Generally, for purposes of diversity jurisdiction, domicile requires a party's physical presence in a state coupled with an intent to remain there permanently. *Johnson v. Advance America*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citations omitted). It is also the place

6

he intends to return whenever he is away. *Mayfield*, 2010 WL 1434298, at *2 (citing *Hollowell v. Hux*, 229 F. Supp. 50, 52 (E.D.N.C. 1964)). "Although a person may have more than one residence, [he] may have only one domicile at any one time." *Hanks,* 1999 WL 1938851, at *1 (citing *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). In determining a person's domicile, the court must look to the totality of the circumstances. *Id.* at *3 (citing *Nat'l Artists Mgmt. Co.,* 769 F. Supp. at 1228).

The court is mindful of the latitude extended to pleadings of *pro se* litigants. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). It is well established that when the challenged pleading is from a *pro se* plaintiff, the pleading should be construed liberally and held to a standard less stringent than that of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Despite this leeway given to *pro se* litigants, it remains their responsibility to adequately demonstrate that subject matter jurisdiction exists. *Cf. Cox v. City of Charleston,* 416 F.3d 281, 288 (4th Cir. 2005). Additionally, while the *pro se* plaintiff's allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff, the burden remains on the plaintiff to prove that federal jurisdiction is proper. *McNutt*, 298 U.S. at 189.

In their form complaint Plaintiffs have alleged "federal question" as the sole basis for the court's subject matter jurisdiction over this case. However, construing Plaintiff's *pro se* complaint liberally, the court does not identify any claim created by federal statute or that otherwise arises under the Constitution, law or treaties of the United States, 28 U.S.C. § 1331, and Plaintiffs have identified none. Rather, Plaintiffs' complaint purports to assert a cause of action for fraud arising under state law. The court finds that Plaintiffs have failed to sufficiently allege this court's federal question subject matter jurisdiction over Plaintiffs' complaint. *See*

7

*McPherson*, 2008 WL 2149765, at *1.

As for diversity jurisdiction, Plaintiffs have affirmatively alleged in their complaint that they are residents and citizens of New Bern, North Carolina. [DE-5] at 1, 5. According to Plaintiffs' pleadings, Plaintiffs moved to Craven County, North Carolina and established BRP, a North Carolina Corporation, to purchase rental property in North Carolina. *Id.* at 6. Plaintiffs' pleadings also include their telephone number, which includes an area code corresponding to eastern North Carolina. *Id.* at 4. According to the complaint, Plaintiffs have purchased property in North Carolina, a portion of which is the subject of this litigation. *Id.* at 6-8. Plaintiffs have alleged on the face of their complaint that they "are using" an address in New York. In response to Defendants' motion, Plaintiffs state that they have not lived in North Carolina since 2006 and are citizens of Brooklyn, New York. [DE-30] at 2. Residence alone however is not determinative of citizenship and Plaintiffs' allegations in the complaint regarding their citizenship remain intact and unchallenged.[3] *See Axel*, 145 F.3d at 663. The court finds that based on the totality of allegations contained in the pleadings that Plaintiffs are not diverse for purposes of this court's statutory exercise of diversity jurisdiction. *See Ras-Selah: 7 Tafari: El v. Glasser & Glasser PLC*, 434 F. App'x 236, 237 (4th Cir. May 17, 2011) (affirming dismissal for lack of federal question or diversity jurisdiction where complaint "not only failed to plead such diversity, but affirmatively pleaded facts undermining the existence of diversity in the

---

[3]Plaintiffs' response is not sufficient to amend the complaint. *See e.g., Swann v. Source One Staffing Solutions*, 778 F. Supp.2d 611, 622 (E.D.N.C. 2011) (plaintiff's memorandum in opposition to defendant's motion for summary judgment could not be used to amend her complaint); *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 Fed. App'x 556, 563 (4th Cir. Jan. 29, 2008) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." internal quotations omitted).

jurisdictional sense.").

## CONCLUSION

For the reasons stated above it is recommended that Defendants' motion to dismiss [DE-25] be allowed and that Plaintiffs' complaint be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties or the unrepresented parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, this the 20th day of November 2013.

Robert B. Jones, Jr.
United States Magistrate Judge